UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ALLEN, #351233,  )
          Plaintiff,  )
                              )     No. 2:20-cv-173
-v-  )
                              )     Honorable Paul L. Maloney
UNKNOWN CORRIGAN and T. COREY-SPIKER,  )
          Defendants.  )
                              )

## ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff Mark Allen, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights lawsuit alleging a violation of his Eighth Amendment rights. Specifically, Allen alleges Defendants failed to protect him from an assault by another prisoner. Defendants filed a motion for summary judgment for failure to exhaust administrative remedies. The Magistrate Judge issued a report recommending the Court deny Defendants' motion. (ECF No. 18.) Defendants object. (ECF No. 19.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Uncontested Findings of Fact

1. History of Assaults and March 13, 2020, Grievance. The Magistrate Judge summarizes the assaults suffered by Plaintiff at the hands of other prisoners going back to 2015, including at least one assault by Prisoner Lackey. The assaults occurred at different facilities as Plaintiff has been transferred between facilities over the years. Plaintiff filed a grievance on March 13, 2020, which summarized the assaults and specifically identified Prisoner Lackey. (ECF No. 12-3 Grievance 0900 PageID.116.) The Magistrate Judge summarizes the contents of the grievance. MDOC rejected the grievance at each step on procedural grounds (timeliness). Defendants do not object to any of these factual findings.

2. April 30, 2020. The Magistrate Judge outlined the events on April 30. On that day, Plaintiff informed Defendants, who were members of the Security Classification Committee (SCC), that Plaintiff had previously been assaulted by Prisoner Lackey and that Lackey was now confined at the same facility. Plaintiff expressed that he was not safe and requested a transfer to a different part the facility. Defendants denied the request. Later that day, Prisoner Lackey attacked and assaulted Plaintiff, stabbing Plaintiff when Plaintiff went to use the bathroom. Defendants do not object to any of these factual findings.

B. Disputed Legal Conclusions - Exhaustion

The relevant Policy Directive requires prisoners to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs."

In their motion, Defendants argue that Plaintiff did not file any grievances relating to the April 30 attack. Defendants admit that Plaintiff filed grievances seeking protection from Prisoner Lackey, grievances that do not name either defendant. Defendants conclude, as a result, that Plaintiff did not exhaust his administrative remedies. The Magistrate Judge agrees that Plaintiff did not name Defendants in any grievance, but nevertheless concludes that Plaintiff provided sufficient notice to MDOC. Defendants object to this legal conclusion.

The Court finds that Defendants have not met their burden of showing a failure to exhaust, an affirmative defense for which Defendants bear the burden. *See Jones v. Bock,* 549 U.S. 199, 216 (2007). Defendants only address one possibility for exhaustion, the filing of a proper grievance. The Policy Directive, however, provides that exhaustion can occur in another situation. A prisoner need not file the grievance within two business days when "prevented by circumstances beyond his/her control." On this record, MDOC was aware of the history of assault by Prisoner Lackey on Plaintiff. Despite this history, MDOC placed the two prisoners at the same facility and in the same area. On the day he was attacked, Plaintiff raised his security concerns with the two named Defendants. They declined to act. Under the Policy Directive, Plaintiff then had two business days to attempt to resolve the issue with Defendants before he could file a grievance. Before that time passed, however, Prisoner Lackey assaulted and stabbed Plaintiff. Plaintiff could not have exhausted his grievance through Step III between the time he spoke with Defendants and the time he was attacked by Prisoner Lackey.

The Court's conclusion arises from and is limited by these unique facts. The Court finds that Plaintiff's Eighth Amendment failure to protect claim arises from the history

between Plaintiff and his assaulter, which was communicated to the named defendants on the day of the assault. Defendants have not addressed likelihood that, under these circumstances which were beyond Plaintiff's control, Plaintiff could not have exhausted the grievance procedure. Accordingly, Defendants have not established that Plaintiff failed to exhaust his administrative remedies. The Court agrees with the Magistrate Judge's recommendation and modifies the R&R to include this reasoning.

For these reasons, the Court **MODIFIES and ADOPTS** the Report and Recommendation. (ECF No. 18.) **IT IS SO ORDERED.**

Date: May 28, 2021              /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge